UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID ERLANSON SR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOREST SERVICE and BUREAU OF LAND MANAGEMENT, <br><br> Defendant. | Case No. 4:24-cv-00023-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

Before the Court are two motions filed by David Erlanson: a motion to challenge the jurisdiction of this court (Dkt. 2) and a motion for reassignment (Dkt. 4). The Court will address the two motions together as they appear to be one request to reassign Mr. Erlanson's case to a different judge. For the reasons stated below, the Court will deny both motions. The Court will also require Mr. Erlanson to, within 14 days of the issuance of this order, show good cause for his failure to serve either defendant with a summons and copy of the Complaint.

**BACKGROUND**

**MEMORANDUM DECISION AND ORDER - 1**

Mr. Erlanson filed his pro se Complaint on January 16, 2023,[1] and it was randomly assigned to a district court judge. Mr. Erlanson seeks injunctive and declaratory relief against the Forest Service and the Bureau of Land Management. *See* Dkt. 1. On January 26, 2023, Mr. Erlanson filed a motion to challenge the jurisdiction of this Court because he "believed this case must be adjudicated in an Article III venue." Dkt. 2. A few days later, he filed a second motion, again, challenging the jurisdiction. Dkt. 4. The Court will construe the two motions as a single motion for reassignment.

## ANALYSIS

### A.     Motions for Reassignment

Mr. Erlanson argues that this Court has no jurisdiction over his claim—which he states raises constitutional questions—because it is not an Article III court. *See* Dkt. 2 (citing *American Insurance Co. v. 356 Bales of Cotton*, 26 U.S. 511 (1828)). Although the basis for this belief is unclear, there is no merit to it. "The District Court of the District of Idaho is an inferior court created by Congress from the authority granted Congress in Article III, § 2 of the Constitution of the United States." *United States v. Edwards*, No. CV10-098-N-EJL, 2011 WL

---

[1] The Complaint is filed as a motion, but the Court will construe the motion as a Complaint.

**MEMORANDUM DECISION AND ORDER - 2**

13327394, at *1 (D. Idaho 2011). 28 U.S.C. § 92 establishes that Idaho constitutes one judicial district and that "Court shall be held at Boise, Coeur d'Alene, Moscow, and Pocatello." District Courts, such as this Court, are "the constitutional courts created under Article III of the Constitution." *International Longshoremen's & Warehousemen's Union v. Juneau Spruce Corp.*, 342 U.S. 237, 241 (1952). Challenges based on the argument that district courts are not Article III courts have been repeatedly rejected as meritless and frivolous. *See e.g.*, *United States v. Bigley*, No. CV-14-00729-PHX-HRH, 2017 WL 3432370, at *3 (D. Ariz. Aug. 10, 2017); *United States v. Robertson*, No. 2:13-cr-141-JAD-VCF, 2014 WL 4956208, at *7 (D. Nev. Oct. 2, 2014); *DeVries v. McDonald*, No. CV-F-02-5178 REC/DLB, 2002 WL 1009186, at *1 (E.D. Cal. Apr. 8, 2002). Accordingly, Mr. Erlanson's motion for reassignment on this basis is denied.

### B.     Order to Show Cause

Federal Rule of Civil Procedure 4(m) obligates plaintiffs to serve defendants within 90 days of filing their complaint.[2] 90 days have passed since Mr. Erlanson

---

[2] Rule 4(i)(2) requires that to serve a United States agency, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." Rule 4(i)(1), in turn, outlines the procedure for serving the United States. Although Mr. Erlanson is proceeding pro se, he should be well-aware of these requirements as he has already had a case dismissed for this very reason. *See Erlanson v. United* (Continued)

**MEMORANDUM DECISION AND ORDER - 3**

filed his Complaint and no proof of service has been filed for either defendant. *See* Rule 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). Mr. Erlanson has, similarly, failed to comply with Local Civil Rule 4.1, which requires a status update within 30 days of filing stating "whether service of the summons and complaint has been effectuated or waived by each defendant." If a defendant is not properly served, "the Court—on a motion or on its own after notice to the plaintiff—must dismiss the action without prejudice as to that defendant or order that service be made in a specified time." Fed. R. Civ. P. 4(m). Accordingly, this order provides notice to Mr. Erlanson that this case may be dismissed in 14 days unless he shows good cause for his failure to timely serve either defendant.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion Challenging Jurisdiction (Dkt. 2) and Motion for Reassignment (Dkt. 4) are **DENIED.**

2. Mr. Erlanson must show good cause for his failure to serve defendants within 14 days of the issuance of this order. If he fails to do so, this

---

*States Environmental Protection Agency*, No. 4:22-cv-00091-DCN, 2022 WL 10056449, at * 1 (D. Idaho Oct. 14, 2022).

**MEMORANDUM DECISION AND ORDER - 4**

case may be dismissed.

DATED: April 29, 2024

B. Lynn Winmill  
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 5**