UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID ERLANSON, SR, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOREST SERVICE and THE BUREAU OF LAND MANAGEMENT, <br><br> Defendants. | Case No. 1:24-00023-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

Before the Court is David Erlanson Sr.'s motion for default judgment (Dkt. 10). For the reasons described below, the Court will deny the motion and, instead, will dismiss Mr. Erlanson's Complaint for failure to properly serve defendants.

Mr. Erlanson argues that default judgment is appropriate because the time to answer the Complaint has expired and neither defendant has filed any response. *Motion*, Dkt. 10. Not so. Mr. Erlanson has failed to properly serve either defendant despite the Court's instruction and an extension of time to effectuate service. *See Order*, Dkt. 9. A defendant is not required to respond until the plaintiff has properly served the defendant, which Mr. Erlanson has not done here. Fed. R. Civ. P. 12(a)(1).

**MEMORANDUM DECISION AND ORDER - 1**

Mr. Erlanson insists that he properly served all defendants in this matter by mailing copies of the Complaint and summons to both Agencies and the U.S. District Attorney for the District of Idaho. Rule 4(i)(1)(A) permits a plaintiff to either (i) deliver a copy to the United States attorney for the district where the action is brought or send a copy by registered or (ii) certified mail to the civil-process clerk at the United States attorney's office. Mr. Erlanson did not do either. As the Court previously explained, sending these documents by registered mail to the United States' Attorney for the District of Idaho is insufficient to effectuate service because the mail must be directed to the civil process clerk at the U.S. Attorney's office, not the U.S. Attorney himself. *See Hairani v. Blinken*, No. 24-CV-614 JLS (MSB), 2024 WL 3556190, at *1 (S.D. Cal. Jul. 23, 2024).

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint it filed, the Court must dismiss the action. Consistent with this Rule, the Court provided notice to Mr. Erlanson of the defects in service and granted an extension of time for Mr. Erlanson to cure those defects. That time has now expired, and Mr. Erlanson has failed to properly serve either defendant. The Court will not extend this time again as Mr. Erlanson does not appear to have made any effort to cure the defects in service following the Court's June 2024 order. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)

**MEMORANDUM DECISION AND ORDER - 2**

("[I]f there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period."). Accordingly, this case is dismissed without prejudice.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Default Judgment (Dkt. 10) is **DENIED**.

2. Plaintiff's Complaint is dismissed without prejudice for failure to serve the defendants and the Clerk of the Court is instructed to close this case.

DATED: October 15, 2024

_____
B. Lynn Winmill
U.S. District Court Judge